UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL F. RICHEY,<br><br>Plaintiff,<br><br>v.<br><br>LORI SPIELMAN and BRIAN SANTA,<br><br>Defendants. | No. 3:23-cv-00920 (MPS) |

### RULING ON MOTION TO REMAND

**I.      INTRODUCTION**

This case, which was originally filed in the Connecticut Superior Court, is brought by Plaintiff Michael Richey against First Selectwoman of Ellington Lori Spielman and Connecticut State Police Trooper Brian Santa. Richey generally alleges that Spielman and Santa harassed and slandered him and "violate[d his] rights" by refusing to resolve an alleged contamination issue on Richey's property. Spielman removed the case to this Court, and Santa now moves to either remand the whole case or sever and remand the claims against him. Because the Complaint does not raise a federal question, I GRANT Santa's motion to remand.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2023, Richey, who proceeds *pro se*, filed a Complaint against Spielman and Santa in the Connecticut Superior Court. ECF No. 13-2 at 2–7. Richey's Complaint concerns alleged stormwater contamination on his property that Defendants failed to adequately address. *See id.* at 5–6. As both Defendants note, Richey's claims are somewhat difficult to decipher. That said, he appears to allege that Spielman, First Selectwoman of Ellington, has slandered

1

Richey by making false statements to the police about him, caused Officer Santa to harass him, and "violated the rights of the Richey's [sic] [and] never once allowed them to come before the town . . . [to] resolve the contamination issues and illegal dumping of storm water upon their property by the town." *Id.* at 4–6. Richey also alleges that Santa knowingly made false statements against him and harassed him. *Id.* at 5–6.

On July 10, 2023, Spielman removed the case to this Court, arguing that the case is removable under 28 U.S.C. §§ 1441, 1331, and 1343(3). ECF No. 1 at 2. Specifically, Spielman argues that the case is removable because this Court has original jurisdiction over claims in the Complaint that "assert[] a federal question and the deprivation of constitutionally protected civil rights" and because the Court has supplemental jurisdiction over all other claims in the case. *Id.*

On July 12, 2023, Santa filed a motion to remand the case. ECF No. 12. He argues that the Complaint does not allege federal claims against him, and thus the claims against him should be severed and remanded. *Id.* at 3–4. He argues, in the alternative, that even if the Complaint is construed to allege federal claims against him, the case should nevertheless be remanded because Spielman did not gain his consent to remove the case as required under 28 U.S.C. § 1446(b)(2)(A). *Id.* at 4–5.

On July 13, 2023, Spielman filed a response in opposition to the motion to remand, ECF No. 13, and on July 17, 2023, Santa filed a reply in support of his motion to remand, ECF No. 14.

I have reviewed these filings, and the motion to remand is now ripe for adjudication.[1]

---

[1] Richey later filed his own "objection" to removal, ECF No. 15, and a new complaint asserting only state law claims and adding that he "never made any claim under federal statutes," ECF No. 16 at 2–3.

2

### III. LEGAL STANDARD

A civil action brought in state court may be removed to a federal district court only if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). One category of cases over which the federal courts have original jurisdiction is "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law and is thus removable only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotations omitted, second alteration in original). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

### IV. DISCUSSION

"The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metro. Life Ins. Co.*, 481 U.S. at 63. The rule states that for a federal court to have original jurisdiction, the plaintiff's well-pleaded complaint must establish either (1) "that federal law creates the cause of action" or (2) "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27–28 (1983).

Spielman argues that federal law creates the cause of action for at least one of Richey's claims. Specifically, she argues that he "is attempting to bring a claim pursuant to 42 U.S.C.

3

§ 1983," which provides a federal cause of action against state or local government officials for violations of federal constitutional or statutory rights. ECF No. 13 at 4. To support this argument, Spielman points to sections of the Complaint that vaguely reference Richey's "rights." In the introduction of his Complaint, Richey alleges that "the Defendants did knowingly ignore and violate Mr[.] Richey's rights over several years." ECF No. 13-2 at 4. At another point, Richey states that Spielman "has violated the rights of the Richey's [sic] [and] never once allowed them to come before the town . . . [to] resolve the contamination issues and illegal dumping of storm water upon their property by the town." ECF No. 13-2 at 6. In an affidavit attached to his Complaint supporting an application for a civil protective order against Spielman, Richey also stated that she violated his "civil rights." *Id.* at 13. And Spielman also notes that Richey sues her in both her individual and official capacities, which, she argues, "suggests that the plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983." ECF No. 13 at 4.

None of these allegations, however, is enough to show that Richey brings a federal claim against Spielman. Alleging that Spielman violated Richey's "rights" does not necessarily lead to the conclusion that those rights are federally protected. Not all rights are federal, and based on the context of the underlying allegations here, it is more likely that Richey alleges a violation of rights protected by state law. As Richey explains, Spielman's violation of his rights springs from the allegation that she has "never once allowed [the Richeys] to come before the town . . . [to] resolve the contamination issues and illegal dumping of storm water upon their property by the town." ECF No. 13-2 at 6. In this context, it appears that the rights that Richey alleges have been violated are rights created by state law—namely, the right to quiet enjoyment of private property and the right to be free from private nuisances. *See, e.g., RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987) ("Property interests are created, and

their dimensions defined, by state law."); *Cummings v. Tripp*, 204 Conn. 67, 79 (1987) ("At common law, property owners have the right to seek an injunction as well as damages for a nuisance affecting the enjoyment of their property.  This right is supplementary to the right to seek injunctive relief from the zoning authorities for the violation of a zoning ordinance.").

In any case, Richey's claims are too vague and conclusory to raise a question arising under federal law.  Tellingly, Spielman herself does not indicate which federal rights she believes Richey accuses her of violating.  Moreover, in situations where a plaintiff's intended claims are unclear, I "must resolv[e] any doubts against removability." *In re MTBE Prod. Liab. Litig.*, 488 F.3d at 124 (internal citation and quotation marks omitted).

For these reasons, I hold that the Complaint does not raise issues arising under federal law against either Defendant.  Thus, this Court does not have jurisdiction to hear this case, and the case must be remanded to state court.  Because this Court does not have jurisdiction over the claims in the case, I need not address the issue of whether Spielman required Santa's consent to remove this action.

## V.     CONCLUSION

For the reasons discussed above, the motion to remand is GRANTED.  The Clerk is instructed to remand this action to the state court.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

July 31, 2023